IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOSE VILLAVICENCIO,

      **Plaintiff,**

  vs.

      Case No. 2:25-cv-0993
      Chief Judge Sarah D. Morrison
      Magistrate Judge Elizabeth P. Deavers

JUDGE STEPHANIE MINGO,

      **Defendant.**

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff Jose Villavicencio, an Ohio resident proceeding without the assistance of counsel, has requested leave to proceed *in forma pauperis* with this action. (ECF No. 1.) The Motion is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a). It is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs.

This matter is also before the Court for an initial screen of Plaintiff's Complaint (Compl., ECF No. 1-1) under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. For the reasons below, the Undersigned **RECOMMENDS** that the Court **DISMISS without prejudice** Plaintiff's Complaint. (ECF No. 1-1.)

    **I.    STANDARD OF REVIEW**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).

In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
> \* \* \*
> (B) the action or appeal--
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, Section 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

"A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law." *Brown v. Kruse*, No. 1:15-CV-526, 2015 WL 5907557, at \*1 (S.D. Ohio Aug. 24, 2015) (citing *Neitzke*, 490 U.S. at 328–29), *report and recommendation adopted*, No. 1:15-CV-526, 2015 WL 5836009 (S.D. Ohio Oct. 7, 2015). "An action has no arguable legal basis when the . . . plaintiff claims a violation of a legal interest which clearly does not exist. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or wholly incredible." *Id.* (citations and quotations

---

[1] Formerly 28 U.S.C. § 1915(d).

omitted). The Court does not need to accept as true factual allegations that are fantastical or delusional. *Id.* (citations and quotations omitted).

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Fed. R. Civ. P. 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013) (emphasis in original).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). The Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits: "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

In addition, when it is evident from the face of the complaint that a court lacks federal jurisdiction, the court may dismiss an action for lack of subject-matter jurisdiction under both 28

3

U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(h)(3). *Williams v. Cincy Urban Apts.*, No. 1:10-cv-153, 2010 WL 883846, at *2 n.1 (S.D. Ohio Mar. 9, 2010) (citing *Carlock v. Williams*, 182 F.3d 916, 1999 WL 454880, at *2 (6th Cir. June 22, 1999) (table)).

## II. ANALYSIS

The Undersigned concludes that this Court is without jurisdiction over Plaintiff's claims and therefore recommends that the Court dismiss Plaintiff's action. Plaintiff filed a document captioned "Complaint for a Writ of Mandamus." (Compl. at PageID 4.) Plaintiff seeks the following relief:

> **A. Issue a writ of mandamus** compelling Defendant (the Franklin County Environmental Court) to **render a final written determination of the environmental penalty** owed by the LLC **within ten (10) days** of issuance of the writ;
>
> **B. Order the Court to apply the $1,000-per-property maximum** as articulated in *Ullmann v. Columbus* (or the correct amount after a fact-finding hearing), and **to enter that amount on the record**;
>
> C. **Declare** that Defendant's failure to determine the penalty **does not stay** the pending appeal of the receivership sale; the two matters are distinct and must be resolved independently[.]
>
> \*\*\*

(Compl. at PageID 8 (as in original).)[1] Plaintiff alleges that "the Court," presumably the Franklin County Environmental Court, failed to rule on his motion within 30 days. (*Id.* at PageID 7.) Plaintiff further contends that "receiver's counsel . . . presented a penalty estimate of $1,000,000." (*Id.* at PageID 5 (emphasis omitted and cleaned up).)

It appears Plaintiff seeks an order compelling the state court to follow state law. Plaintiff claims this Court has "original jurisdiction over a mandamus action under 28 U.S.C. § 1362 (All

---

[1] Plaintiff also identifies Judge Mingo as "Defendant." (Compl. at PageID 5.) As the Undersigned finds that this Court is without jurisdiction, the Undersigned will not address this issue.

4

Writs Act)." (*Id.* at PageID 5.) Plaintiff also asserts that the "All Writs Act, 28 U.S.C. § 136 (2)" "permits a federal district court to issue a writ of mandamus to compel the performance of a clear legal duty." (*Id.* at PageID 6.) The Undersigned notes that 28 U.S.C. § 1362 and 28 U.S.C. § 136 (2) are not statutes that provide authority for a writ of mandamus and construes Plaintiff's request as one pursuant to 28 U.S.C. § 1651.

Most simply, the Court cannot grant Plaintiff's requested relief because under Federal Rule of Civil Procedure 81(b), the writ of mandamus has been abolished. "Relief previously available through [writs of mandamus] may be obtained by appropriate action or motion under these rules." Fed. R. Civ. P. 81(b). "[U]nder 28 U.S.C. § 1651 (All Writs Statute) federal courts may issue all writs necessary or appropriate in aid of their respective jurisdictions, including writs in the nature of mandamus." *Skaggs v. Jefferson Cir. Ct.*, No. 3:18-CV-P149, 2018 WL 2187723, at *1 (W.D. Ky. May 11, 2018) (citing *Haggard v. Tennessee*, 421 F.2d 1384, 1385 (6th Cir. 1970)). However, "[i]t is settled that a federal court has no general jurisdiction to issue writs of mandamus where that is the only relief sought." *Id.* (citing *Haggard*, at 1386).

That is the case here—Plaintiff seeks only mandamus relief. "In the absence of special statutory authority [a federal court] can issue writs of mandamus only as ancillary to and in aid of jurisdiction otherwise vested in it." *Id.* To the extent Plaintiff seeks relief pursuant to 28 U.S.C. § 1361, his Complaint must still be dismissed. 28 U.S.C. § 1361 gives the district courts "original jurisdiction of any action in the nature of mandamus to compel an *officer or employee of the United States or any agency thereof* to perform a duty owed to the plaintiff." 28 U.S.C. § 1361 (emphasis added). Plaintiff, however, asks this Court to compel Judge Mingo and/or Franklin County Environmental Court to perform acts. These are not officers, employees, or

5

agencies of the United States. Accordingly, Plaintiff's action is subject to dismissal for lack of subject matter jurisdiction.

As a final matter, the Undersigned notes that Plaintiff cites to "*Marsh v. Chambers*, 463 U.S. (1983)" for the proposition that "[t]he United States Supreme Court has held that a federal district court may issue mandamus to compel a state court officer to perform a **non-discretionary duty** required by **state law**." (Compl. at PageID 5 (emphasis in original).) This is patently false. Several of Plaintiff's state-law citations are also incorrect or do not exist. The Undersigned **CAUTIONS** Plaintiff that "[s]anctions may be imposed for submitting false and nonexistent legal authority to the Court." *Lothamer Tax Resol., Inc. v. Kimmel*, No. 1:25-CV-579, 2025 WL 2490380, at *14 (W.D. Mich. Aug. 29, 2025) (quotation and citation omitted).

The Undersigned finds that this Court lacks subject-matter jurisdiction. Accordingly, the Undersigned **RECOMMENDS** that the Court **DISMISS without prejudice** Plaintiff's claims.

### III. CONCLUSION

For the reasons explained above, it is **RECOMMENDED** that Plaintiff's Complaint (ECF No. 1-1) be **DISMISSED without prejudice** in its entirety pursuant to 28 U.S.C. § 1915(e)(2) for lack of subject-matter jurisdiction. It is **FURTHER RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

### PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within **14 DAYS**, file and serve on all parties any objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in

question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Responses to objections must be filed within **14 DAYS** after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court.  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

    **IT IS SO ORDERED.**

**DATED:  October 7, 2025**　　　　　　　　　　*/s/ Elizabeth A. Preston Deavers*
　　　　　　　　　　　　　　　　　　　　　　**ELIZABETH A. PRESTON DEAVERS**
　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**